UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

KISHA CHILDREY and DIANE WILSON,
Jointly and Severally,

       Intervening Plaintiffs,

v

SPECTRUM HEALTH WORE HOME CARE,
INC.,

       Defendant.
_____/

Case No. 1:05-CV-446

Hon. Gordon J. Quist

**ORDER**

       Presently before the court are Intervening Plaintiffs' Second (docket no. 201), Third (docket no. 210) and Fourth (docket no. 224) motions to compel discovery.

       Intervening Plaintiffs' Third Motion seeks documents identified in Request Nos. 1 through 5 of Intervening Plaintiffs' Seventh Request for Production of Documents. In general, these requests seek agendas and minutes of periodic meetings conducted by defendant, together with various financial information pertaining to that organization. In Intervening Plaintiffs' Second Motion to Compel Discovery, Intervening Plaintiffs seek in Request No. 45 of their First Set of Request for Production of Documents defendant's monthly and annual financial statements and balance sheets for calendar years 2000 through 2005.

1

For the reasons more fully stated on the record at the hearing held December 15, 2006, the court finds that the financial information sought by these requests in support of Intervening Plaintiffs' claims for punitive damages appears to be barred by the rule set forth in *Clark v Chrysler,* 436 F.3d 594, 604 (6th Cir. 2006). ("[T]o serve as justification for a punitive damage award, a defendant's wealth must bear some relation to the harm sustained by the plaintiff. *See State Farm,* 538 U.S. at 427, 123 S.Ct. 1513."); *see also, Sherrills v Beison,* 1:05-CV-310, Ruling of the Hon. Ellen S. Carmody dated May 30, 2006 on Plaintiff's Third Motion to Compel Discovery. Unfortunately, Intervening Plaintiffs' brief failed to address the *Clark* case or set forth their reasons for distinguishing it from the present case, notwithstanding that the case had been raised to counsel on two prior occasions. Similarly, the court finds that the deposition transcripts referred to in the remaining portions of these requests to justify obtaining the documents from various meetings have also not been furnished to the court for its review. For all of these reasons, Intervening Plaintiffs' Motions to Compel Production of the documents (docket nos. 201 and 210) will be DENIED without prejudice to Intervening Plaintiffs refiling such motion with adequate briefing.[1]

In their second motion to compel discovery, Intervening Plaintiffs also seek documents identified in Request Nos. 21 through 23 of their Fifth Request for Production of Documents. These relate to the personnel files of Tonia Boluyt, Julia Harris and Nancy Hulst. All

---

[1] Defendant suggests there may be work product objections to production of the minutes, etc. of the various meetings, but no such objections have been raised to date. That aside, the court may well find these documents discoverable if the motion is renewed, and an adequate brief is filed in support thereof explaining why these documents are sought, together with the cited portions of the transcripts.

Any question of costs being awarded defendant for having to defend the same motions to compel a second time will be addressed if and when such motions are filed and decided.

these requests seek training records and defendant has agreed to provide those. Of the remaining items sought, defendant shall produce as to each of these Requests the evaluations and/or performance reviews, disciplinary records, and supervisory records and/or management records, and notes and/or memoranda, formal and informal, regarding referring to the individual concerned that may exist in or outside said file but under the control of the defendant. These documents shall be produced within 15 days.

Intervening Plaintiffs have withdrawn their Fourth Motion to Compel Discovery (docket no. 224), upon agreement of the parties and without prejudice.

IT IS SO ORDERED.


Dated:  December 18, 2006             /s/ Hugh W. Brenneman, Jr.
                                                      Hugh W. Brenneman, Jr.
                                                      United States Magistrate Judge